United States District Court
Southern District of Texas
**ENTERED**
November 20, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

JUAN TREVINO,                    §
    Movant,                     §
                                §
                                §    Civil Action No. 1:19-CV-034
v.                               §    Criminal Case No. 1:15-CR-1006-1
                                §
UNITED STATES OF AMERICA,        §
    Respondent.                 §

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the Court is Movant Juan Trevino's pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Trevino's "§ 2255 Motion" or "Motion"). Dkt. No. 1. Respondent United States of America (hereinafter, the "Government") subsequently filed a "Motion to Dismiss § 2255 Motion" (hereinafter, the Government's "Motion to Dismiss" or "Motion"). Dkt. No. 14. For the reasons provided below, it is recommended that the Government's Motion be **GRANTED**, and that Trevino's § 2255 Motion be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f)(1). It is further recommended that the Court decline to issue a certificate of appealability, and the Clerk of Court be directed to close this case.

## I. Jurisdiction

This Court has jurisdiction over Trevino's Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II.    Background and Procedural History

A federal grand jury indicted Juan Trevino on November 12, 2015 on one count of conspiracy to possess and one count of possession with intent to distribute, a quantity more than fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2.  Cr. Dkt. No. 30 at 1–2; 75 at 1–2.[1]  Trevino pleaded guilty to the possession count on February 2, 2016.  Cr. Dkt. No. 166.  On September 14, 2016, United States District Judge Rolando Olvera sentenced Trevino as a career offender, and imposed a sentence of 262 months of imprisonment, five years of supervised release, and a $100.00 special assessment.  *Id.*  Trevino, through his trial counsel, filed a timely notice of appeal to the Fifth Circuit Court of Appeals on September 15, 2016.  Cr. Dkt. No. 159.  The Fifth Circuit determined that there was a conflict between the district court's judgment, and its oral pronouncement concerning community service.  Cr. Dkt. No. 186 1–2.  On June 29, 2017, the Fifth Circuit affirmed Trevino's sentence in part, and vacated in part; it remanded the case to the district court.  *Id.* at 3.  On July 28, 2017, the district court amended its judgment pursuant to the Fifth Circuit's opinion.  Cr. Dkt. No. 187.  Trevino did not petition the United States Supreme Court for a writ of certiorari.  Trevino submitted his instant § 2255 Motion on February 22, 2019.  Dkt. No. 1.  On July 25, 2019, the Government filed its Motion to Dismiss, alleging that Trevino's Motion is time-barred because it was filed beyond the one-year statute of limitations.  Dkt. No. 14 at 1.  To date, Trevino has not filed any response to the Government's Motion to Dismiss.

---

[1] "Cr. Dkt. No." refers to Trevino's underlying federal conviction. Whereas, "Dkt. No." refers to Trevino instant § 2255 Motion.

### III.    Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

In conducting this analysis, a movant's pro se pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Although pro se pleadings are held to less stringent standards than those drafted by attorneys, "conclusionary allegations or legal conclusions masquerading as factual conclusions will not suffice." *Taylor v. Books-A-Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citation omitted).

## IV.   Discussion

**A.   Statute of Limitations**

As a threshold matter, the Court must first determine the timeliness of Trevino's § 2255 Motion.  *See United States v. Flores*, 135 F.3d 1000, 10002 (5th Cir. 1998) (characterizing the timeliness of a § 2255 Motion as a threshold question to be addressed first).  Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255 to provide for a one-year limitations period for motions filed under 28 U.S.C. § 2255.  *See* 28 U.S.C.A. § 2255(f).  Pursuant to § 2255(f), a defendant's one-year limitations period begins to run from the latest of:

(1) The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).  Here, Trevino does not assert § 2255(f)(2)–(4) to make his Motion timely.  Instead, Trevino states that his "motion is considered timely due to the dismissal of his direct appeal being that of 2018." Dkt. No. 1 at 13.  Trevino has not submitted any other information that would infer invoking § 2255(f)(2)–(4).  Accordingly, only § 2255(f)(1) applies to Trevino's instant Motion.

According to § 2255(f)(1), then, Trevino's one-year limitations period began to run on the date his conviction became final. A conviction is "final" for purposes of § 2255(f)(1) upon expiration of the direct appellate process. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005). The direct appellate process ends when a final judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987). When a defendant does not appeal, the judgment of conviction becomes final on the last day the defendant could have filed a notice of appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2013). Under the Federal Rules of Appellate Procedure, the last day on which a defendant could file an appeal in a criminal case is 14 days after the entry of judgment. *See* FED. R. APP. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of…the entry of either the judgment or the order being appealed."); *Ross v. Global Marine*, 859 F.2d 336, 337 (5th Cir. 1988) ("Repeatedly, we have held that the time for appealing from a judgment is measured from the date of entry, or docketing, not the date of signing by the judge or the date of filing."). Trevino had fourteen days from the entry of his final judgment to file his notice of appeal. FED. R. APP. P. 4(b)(1)(A)(i). The district court's amended judgment was entered on July 28, 2017. Cr. Dk. No. 187. The last day on which Trevino could file an appeal was August 11, 2017, the date that the judgment of conviction became final. *See* § 2255(f)(1). Trevino, then, had until August 11, 2018

to file his § 2255 Motion. *Id.* Critically, Trevino did not file his § 2255 Motion until February 22, 2019,[2] more than six months after the expiration of the limitations period pursuant to § 2255(f)(1).

## B.    Equitable Tolling

The § 2255 limitations period is strictly construed. *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002) ("Congress has imposed a strict one-year limitations period for the filing of all habeas petitions…subject only to the narrowest of exceptions."). Equitable tolling should be invoked only in "rare and exceptional" circumstances. *U.S. v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). However, the failure to file a § 2255 Motion within the statute of limitations need not be dispositive in every case. If the movant can show an application of the statute of limitations would be inequitable under the circumstances, then the motion can bypass the statute of limitations via the doctrine of equitable tolling. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).

A movant under § 2255 "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)

---

[2] *See generally Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Equitable tolling decisions "'must be made on a case-by-case basis[.]'" *Palacios*, 723 F.3d 600, 606 (5th Cir. 2013) (quoting *Holland*, 560 U.S. at 649–50). Such decisions do not lend themselves to "'bright-line rules[.]'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 n.9 (5th Cir. 1999)). The movant bears the burden of establishing an entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). "The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted). Being pro se or ignorant of the law does not qualify as the sort of rare and exceptional circumstances to justify equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Here, Trevino does not assert that equitable tolling applies. Instead, Trevino asserts that his "motion is considered timely due to the dismissal of his direct appeal being that of 2018." Dkt. No. 1 at 13. Trevino is mistaken; his only direct appeal was filed in 2016, and the Fifth Circuit issued its opinion on June 29, 2017. *See* Cr. Dkt. Nos. 159, 186. Trevino's conviction became final when the district court's amended judgment was entered on July 28, 2017. Cr. Dkt. Nos. 187. As discussed above, Trevino had until August 11, 2018 to file his § 2255 Motion. Trevino's § 2255 Motion was not filed until February 22, 2019, more than six months after the expiration of

the applicable statute of limitations.   Trevino's § 2255 Motion, then, should be **DISMISSED** as time-barred.

## V.   Certificate of Appealability

A certificate of appealability shall not issue unless the movant makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Slack v. McDaniel*, 529 U.S. 473, 475, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (internal quotations marks and citations omitted).   Stated differently, where claims have been dismissed on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Id.* at 484.   Where claims have been dismissed on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Id.*

District courts may deny certificates of appealability *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability should not issue in this case because Trevino has not made a substantial showing of the denial of a constitutional right.

## VI.   Recommendation

For the foregoing reasons, it is recommended that the Government's Motion be **GRANTED**, and that the Court **DISMISS** Trevino's § 2255 Motion as time-barred. It is further recommended that a certificate of appealability not issue, and the Clerk of Court be directed to close this case.

## VII.   Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

SIGNED on this 20th day of November, 2019, at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**